# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| EMANUEL REESE, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW M. SAUL, )<br>*Commissioner of Social Security*,[1] )<br>    Defendant. ) | CIVIL ACTION NO. 2:18-00520-N |

## ORDER

Plaintiff Emanuel Reese brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying his April 8, 2013 applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.*[2] In response to Reese's brief and fact sheet (Docs. 12, 13) listing the specific

---

[1] On notice from the Defendant (see Doc. 16 at 1 n.1), Commissioner of Social Security Andrew M. Saul, as successor to Acting Commissioner Nancy A. Berryhill, is automatically substituted as the Defendant in this action under Federal Rule of Civil Procedure 25(d). (*See* https://www.ssa.gov/agency/commissioner.html & https://blog.ssa.gov/social-security-welcomes-its-new-commissioner (last visited June 25, 2019)). The Clerk of Court is **DIRECTED** to update the docket heading accordingly.

[2] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 17, 18).

errors upon which he seeks reversal of the Commissioner's decision, the Commissioner filed a motion to remand Reese's case for further proceedings under sentence four of 42 U.S.C. § 405(g) ("The [district ]court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."),[3] representing that Reese consents to the motion.[4]  (*See* Doc. 16).

Upon consideration, it is **ORDERED** that the Commissioner's consent motion to remand (Doc. 16) is **GRANTED**, the Commissioner's final decision denying Reese's April 8, 2013 applications a period of disability, DIB, and SSI is **REVERSED**, and this cause is **REMANDED** under sentence four of § 405(g) for further proceedings.  Securing a "sentence four" remand makes Reese a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this cause.

---

[3] *See also* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.").

[4] Sentence six of § 405(g) provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security…"  However, the Commissioner filed his answer (Doc. 10) prior to requesting remand, and the motion does not set forth "good cause," other than that Reese consents to remand.

Under Federal Rule of Civil Procedure 54(d)(2)(B), should Reese be awarded Social Security benefits on the subject applications following this remand, the Court hereby grants Reese's counsel an extension of time in which to file a motion for fees under 42 U.S.C. § 406(b) until thirty days after the date of receipt of a notice of award of benefits from the Social Security Administration.[5] Consistent with 20 C.F.R. § 422.210(c), "the date of receipt of notice … shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." If multiple award notices are issued, the time for filing a § 406(b) fee motion shall run from the date of receipt of the latest-dated notice.

Final judgment shall issue separately hereafter in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 28th day of June 2019.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam) ("Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."); *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").